53

Luigi Cipriano
vs.  } W. C. A. Pet. No. 157
Nicholson File Company

December 22, 1917

TANNER, P. J. The testimony shows that the petitioner on October 17, 1916, reported to the defendant an accident which occurred to him on October 14 and also on October 16, consisting of the dropping of a heavy file on his left ankle. A very serious condition has followed this accident. The defendant, however, through his medical testimony claims that the condition of the plaintiff's ankle on said October 17 shows a condition which must have originated a considerable time previous to October 14, and argues that the accident which was the cause of the injury must have occurred some time previous to October 14 and is one of which the company was not notified. We think, however, upon the testimony we are warranted in finding that whatever may have been the previous condition of the petitioner's ankle, it was aggravated and lightened up by the accident of October 14. The defendant's own testimony shows that the petitioner was able to and did work continuously for a long time prior to October 14, and that it was only after the injury received on that date that the ankle assumed such a serious condition that it was impossible for the petitioner to work and that he commenced to and continued to receive persistent medical and surgical attention.

We therefore find that the accidents of October 14 and 16 caused the injury to the petitioner which fixes the defendant's liability. According to the testimony as we understand it, the defendant is therefore liable to pay the petitioner at the rate of $5.22 a week.

For petitioner: John F. Conaty & Jos. H. Coen.

For respondent: Howard Sheffield.

---

54

Isaac M. Gurney
vs.  } Eq. No. 4194
William W. Dunnell et al

December 22, 1917

TANNER, P. J. We think that the bill should aver either that the respondent Dunnell has absconded or that he is without the state, leaving no last and usual place of abode where service may be made upon him. The allegation that the respondent cannot be served with legal process is a conclusion of law.

We think also the bill should aver that there is in the estate of Maude Eaton sufficient property over and above what is necessary to pay debts, expenses of administration or prior legacies, to leave in the hands of the executors some amount of money to apply upon the payment of the legacy to William W. Dunnell, (Ginn vs. Brown, 14 R. I. 524), or at least that there should be some equivalent allegation.

Gorman vs. Stillman, 24 R. I. 264.

For these reasons the demurrer is sustained.

For Plaintiff: Curtis & Ball.

For Defendants: Waterman & Greenlaw.

(Bill to reach income from Trust Funds).